ESTATE OF PHILIPINA SCHAUB, MARGARETHA WEBER, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARETHA WEBER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN BOTTJER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HENRY R. B. BOWDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 89661, 89662, 89663, 89666. Promulgated August 22, 1939.

*Thomas M. Wilkins, Esq.*, for the petitioner.
*Conway Kitchen, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $6,560 in the income tax of the estate of Philipina Schaub for the calendar year 1933 (Docket No. 89661), and he determined that the other three petitioners are liable for that deficiency as transferees. The deficiency results from including $52,480 in the income of the estate as a capital gain from a sale of real estate. The facts are found in accordance with the stipulation of the parties.

Philipina Schaub died in 1923. She owned at that time a farm of 8½ acres in Queens, New York. Her will provided in part as follows:

THIRD: ALL the rest residue and remainder, of all of my real and personal property of what nature and kind and wheresoever situated I Give, devise and bequeath unto my children as above named, to be divided unto them equally, share and share alike, and should any of my said children die, leaving lawful issue, their share or shares, are to be divided as follows: to wit: I direct that the said issue, are only to receive Three Quarters of their parent's share into my estate, and the balance of One Quarter Share thereof, to be given unto the husbands of my said daughters, if then surviving.

FOURTH: I direct my executors, as hereinafter named, to sell and convey all my real property of what nature and kind, at a public or a private sale, and empower them to give a proper deed or deeds of conveyance for the same, and out of the proceeds thereof to divide the same unto my said legatees as above named, as by this will directed.

The farm was a part of the residuary estate. The decedent was survived by three children, Margaretha Weber, John Bottjer, and Jeanette Bowden. The latter died on February 23, 1925, and her husband succeeded to all of her rights in the residuary estate of her mother. The executors of the estate of Philipina Schaub, acting under the power granted to them in paragraph "FOURTH" of the will, sold the farm for $100,000 and conveyed it to the purchaser on November 15, 1929. They received $25,000 of the purchase price in cash and immediately distributed it to the three beneficiaries. The balance of the purchase price was evidenced by a bond and mortgage for $75,000. The bond and mortgage were paid in full on July 17, 1933. The executors immediately distributed the $75,000, less $5,-136.42 claimed as deductible expense of the estate, to the three beneficiaries. The executors thereafter had no property of the estate.

An information return on form 1041 was filed on behalf of the estate for 1929, showing a profit of $69,973.33 from the sale of the farm and reporting one-fourth of that profit as income for 1929.

The return also showed that all of the net income was distributed to the three beneficiaries, $5,720.59 going to each.

An information return on form 1041 was filed on behalf of the estate for 1933, reporting the other three-fourths of the profit as income for 1933 and showing that all of the net income was distributed to the three beneficiaries, $16,789.53 going to each.

Bowden reported all of his share of the profit from the sale of the farm on his return for 1933. The other two beneficiaries reported on their returns for 1933 the distributions of net income of the estate received by them in that year, and later filed claims for refunds of the tax paid on that income.

The Commissioner has determined that the $52,480 was taxable income of the estate for 1933 and has not allowed any deduction for distributions to the beneficiaries.

The petitioners concede that the gain would be taxable to the estate if there had been some necessity for the executors to have title to the farm. But they contend that the executors never had title, title vested in the children immediately upon the death of their mother, title passed to the purchaser from the children, not from the executors, the latter had only a naked power to sell and distribute the proceeds, taxable gain from a sale can result only to that one who owned the property, and, consequently, the gain in question was that of the beneficiaries and not of the estate. No authority directly in point is cited for the conclusion reached. The respondent points out that the executors were *directed* to sell the real estate and distribute the proceeds and they did exactly as they were directed. He concedes that the beneficiaries could have elected to take the real estate. But they did not do so. He concludes that the gain is taxable to the estate.

Section 161 (a) of the Revenue Act of 1932, like its predecessors, imposes a tax upon "the income of estates", including "income received by estates of deceased persons during the period of administration or settlement of the estate." The wording of this will is not exactly like that in any other case which has been brought to our attention. It does "direct" the executors to sell. They made the sale and conveyed the title. The beneficiaries did not convey anything. It does not appear that under the laws of New York no title vested in the executors or that title passed to the purchaser from the residuary legatees. The distribution of the money was in exact compliance with the will. The sale was made "during the period of administration or settlement of the estate" by the fiduciaries in accordance with the directions given them in the will. The income, under such circumstances, is income of the estate within the meaning of section 161 (a). *Clarence Strecker, Executor*, 6 B. T. A. 19;

*County National Bank & Trust Co., Executor*, 39 B. T. A. 357; *Anderson* v. *Wilson*, 289 U. S. 20.

The petitioners contend, in the alternative, that in any event the estate is entitled to a deduction for the distribution of its income. The right to such a deduction depends upon whether there is any provision in section 162 authorizing it. Those provisions have been interpreted as allowing a deduction to the estate only in case the income may properly be included in the taxable income of the beneficiary. See *Old Colony Trust Co. et al., Executors*, 38 B. T. A. 828, and cases there cited. Here the entire amount receivable by the beneficiaries ($100,000 less expenses) came to them, not as income, but as a nontaxable "bequest, devise, or inheritance." Sec. 22 (b) (3). The estate is not entitled to any deduction for such distributions.

The petitioners also contend that the respondent has failed in his burden of showing transferee liability. However, he has shown that these distributions in 1933 left the estate with no property and the taxes unpaid, and the value of the distributions exceeded the taxes. No further proof was necessary.

*Decision will be entered for the respondent.*